NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TEASHOT.LLC,**
**a Colorado limited liability company,**
*Plaintiff-Appellant,*

v.

**GREEN MOUNTAIN COFFEE ROASTERS, INC.,**
**a Delaware corporation,**
**KEURIG, INCORPORATED,**
**a Delaware corporation,** AND
**STARBUCKS CORPORATION,**
**a Washington corporation,**
*Defendants-Appellees.*

---

2014-1323

---

Appeal from the United States District Court for the District of Colorado in No. 1:12-CV-00189, Judge William J. Martinez.

---

Decided: January 5, 2015

---

ROBERT R. BRUNELLI, Sheridan Ross P.C., of Denver, Colorado, argued for plaintiff-appellant. With him on the brief were JOSEPH E. KOVARIK and DAVID B. KELLIS.

MICHAEL A. ALBERT, Wolf, Greenfield & Sacks, P.C., of Boston, Massachusetts, argued for defendants-appellees. With him on the brief were GERALD B. HRYCYSZYN and HUNTER D. KEETON. Of counsel on the brief were AARON P. BRADFORD and ALEXANDER C. CLAYDEN, Lathrop & Gage LLP, of Denver, Colorado.

---

Before PROST, *Chief Judge,* MOORE and CHEN, *Circuit Judges.*

PROST, *Chief Judge.*

Teashot.LLC ("Teashot") appeals from a final judgment of the U.S. District Court for the District of Colorado of non-infringement of U.S. Patent No. 5,895,672 ("'672 patent") in favor of Green Mountain Coffee Roasters, Inc., Keurig, Inc., and Starbucks Corp. (collectively, "Green Mountain"). For the reasons that follow, we affirm.

BACKGROUND

I. Patent

The '672 patent seeks to adapt prior art coffee pod machines to make tea without the attendant weak taste from the short brewing time. '672 patent col. 1 l. 63–col. 2 l. 19. The '672 patent thus teaches the use of special tea composition in the known brewing pod or container as reflected in representative claim 1:

1. A tea extraction system for production of a serving of tea extract in a coffee brewing device, comprising:

(a) a tea extraction container for containing a tea composition, said tea extraction container comprising a sealed body having at least one internal

compartment, said internal compartment containing said tea composition;

wherein said sealed body is constructed of a water-permeable material which allows flow of a fluid through said sealed body to produce a tea extract from said tea composition; and,

(b) a tea composition comprising from about 2 grams to about 10 grams of tea having a particle size of from about 0.40 mm to about 0.75 mm.

## II. District Court Proceedings

Teashot accuses Green Mountain's tea-brewing K-Cups of infringing the '672 patent. The accused K-Cup has a foil lid, which would be punctured by a needle to inject water during use.



The district court construed the claim element "sealed body is constructed of a water-permeable material which allows flow of a fluid through said sealed body to produce a tea extract from said tea composition" as "the portions of the sealed body into which fluid flows and out of which fluid flows are water-permeable material allowing flow of a fluid through said sealed body to produce a tea extract from said tea composition." *Teashot LLC v. Green Mountain Coffee Roasters, Inc.*, No. 12-CV-189, 2012 WL

5866443, at *3 (D. Colo. Nov. 19, 2012). The district court concluded that the K-Cups do not literally infringe because the K-Cups do not have a "water-permeable material" for water to flow into the sealed bodies. *Teashot LLC v. Green Mountain Coffee Roasters, Inc.*, No. 12-CV-189, 2014 WL 485876, at *4–5 (D. Colo. Feb. 6, 2014). The district court also found that Teashot "waived its right to raise the doctrine of equivalents by failing to timely disclose it as an infringement theory." *Id.* at *6. The district court therefore entered summary judgment of non-infringement in favor of Green Mountain. *Id.* at *5, *8.

Teashot appeals the claim construction and summary judgment of no literal infringement of the "said sealed body is constructed of a water-permeable material which allows flow of a fluid through said sealed body" element. Teashot also appeals the exclusion of its doctrine of equivalents theory. This court has jurisdiction under 28 U.S.C. § 1295(a)(1).

DISCUSSION

I. Claim Construction

Claim construction is a question of law that we review de novo. *Lighting Ballast Control LLC v. Philips Elecs. N. Am. Corp.*, 744 F.3d 1272, 1276–77 (Fed. Cir. 2014) (en banc).

Teashot argues that the district court's construction deviates from the claim text and improperly imports limitations from the specification by requiring fluid to flow into and out of the sealed body through water-permeable material. Green Mountain counters that the phrase "which allows," linking "water-permeable material" to the "flow of a fluid through said sealed body," re-

quires that fluid flows through the "sealed body" via the "water-permeable material".

We agree with Green Mountain that the claim text identifies "water-permeable material" as the means through which fluid could flow through the "sealed body." The specification confirms this conclusion. Every discussion in the specification of fluid flowing through the "sealed body" refers to the "water-permeable material." *See, e.g.*, '672 patent col. 2 ll. 48–52, col. 5 ll. 42–45. The '672 patent mentions no other means through which fluid could flow through the "sealed body."

Teashot contends, however, that Figure 4 in the '672 patent teaches an embodiment in which water enters a sealed body through an opening in a material that is not otherwise permeable to water. Teashot further contends that the district court's claim construction improperly excludes this embodiment in Figure 4.

Figure 4, however, is limited to disclosing an arrangement in which multiple tea containers can be accessed individually to add different tea compositions, but used together for brewing. *See* '672 patent col. 7 l. 66-col. 8 l. 13. Figure 4 and its descriptions do not show any details of entry or exit means in the containers for water to flow through. From this silence, we cannot assume Figure 4 to depart from the consistent teachings elsewhere in the '672 patent that water can flow through a "sealed body" via a "water-permeable material." We are therefore not persuaded by Teashot that the district court erred in construing this claim element.

## II. Summary Judgment of Non-Infringement

We review a district court's summary judgment determination de novo. *Smothers v. Solvay Chems., Inc.*, 740 F.3d 530, 538 (10th Cir. 2014).

## A. Literal Infringement

Literal infringement requires that "every limitation set forth in a claim must be found in an accused product, exactly." *Southwall Techs., Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995).

Teashot does not dispute that its owner and the inventor of the '672 patent, in testimonies quoted by Green Mountain, admitted that the lid of the K-Cup is not water permeable. Teashot also does not dispute the following admission that the mere puncturing of the K-Cup lid fails to transform the material into a water-permeable material:

> Q Correct me if I'm wrong, when you puncture the foil lid, the actual foil remains water impermeable, correct?
>
> A The -- the foil around the hole, yes.
>
> Q Yes. The hole no longer has foil in it, correct?
>
> A Correct.
>
> Q Hence the hole.
>
> A Right.
>
> Q The water doesn't flow through the foil; it flows through an open space. Correct?
>
> A Correct.

Appellee Br. 31 (quoting J.A. A1203).

Nevertheless, Teashot contends that a factual dispute remains as to whether the K-Cup's lid, once punctured,

becomes a "water-permeable material." Teashot cites no support in the record that a skilled artisan would consider "water-permeable material" to encompass material not permeable to water but having merely a puncture hole. We do not find Teashot's unsupported arguments—especially against its admissions quoted by Green Mountain—create a genuine factual dispute sufficient to survive summary judgment.

## B.  Exclusion of Doctrine of Equivalents Theory

We review a discovery sanction for abuse of discretion. *Kaufman v. Am. Family Mut. Ins. Co.*, 601 F.3d 1088, 1092 (10th Cir. 2010); *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1369 (Fed. Cir. 2006).

Teashot argues that the district court erred in imposing a discovery sanction under Rule 37 because its infringement contentions were not disclosed in response to any interrogatory, subjecting Teashot to a duty to supplement its disclosure under Rule 26(e). Teashot argues that its infringement contentions were disclosed pursuant instead to the district court's scheduling order. Teashot asserts that that the district court did not find a violation of the scheduling ordering and that Teashot fully complied with the scheduling order.

We find Teashot's arguments meritless. The district court specifically noted that its "Scheduling Order directed Plaintiff to serve 'its infringement contentions, claim charts, and associated documents on Defendants' no later than May 1, 2012." *Teashot*, 2014 WL 485876, at *6 (quoting the scheduling order). The district court then found that "[i]t is undisputed that Plaintiff did not include the doctrine of equivalents in its original infringement contentions, served on May 1, 2012, and again failed to include this theory in its March 7, 2013 supplement." *Id.* at *7. Teashot's violation of the scheduling order is the

basis for the district court's conclusion that "Plaintiff waived its right to raise the doctrine of equivalents by failing to timely disclose it as an infringement theory." *Id.* at *6.

Teashot's assertion on appeal that it "fully complied with the Scheduling Order" is not supported by any showing that it disclosed any doctrine of equivalents theory by the deadline in the scheduling order. *See* Reply Br. 17-18. Rather, Teashot's assertion is based on its argument that "the Scheduling Order is utterly silent about any required contents of the infringement contentions, and contains no supplementation prohibition." *Id.* But silence on the required contents of "infringement contentions" does not mean that Teashot can choose to disclose nothing about its doctrine of equivalents theory. Silence on supplementation prohibition also does not mean that Teashot can amend at will after the scheduling order deadline. Teashot's focus on what the scheduling order is "silent" about glosses over Teashot's disclosure duties under the guise of ignorance.

It was in the context of addressing Teashot's claim of ignorance that the district court compared Teashot's duty to disclose its infringement contentions under the scheduling order to a disclosure duty under Rule 26(e) in response to a contention interrogatory. *See Teashot*, 2014 WL 485876, at *6 ("Plaintiff alleges that this did not constitute waiver because nothing in this Court's Scheduling Order or Local Rules required it to disclose this theory any earlier in the litigation."). The district court dismissed Teashot's arguments because "Plaintiff's attorneys are experienced patent litigators, who are reasonably expected to understand that infringement contentions— whether responsive to a contention interrogatory, required by local patent rules, or included in a scheduling order—should specify what infringement theories the party is pursuing." *Id.* at *7.

We find that Teashot's complaints about the discovery sanction take the district court's reasoning relating to Rule 26(e) out of context. Examining "the totality of the circumstances involved in the case," we cannot say that the district court abused its discretion in imposing the discovery sanction on Teashot. *See Olcott v. Del. Flood Co.*, 76 F.3d 1538, 1557 (10th Cir. 1996). Accordingly, we affirm the district court's exclusion of Teashot's doctrine of equivalents theory and affirm the summary judgment of non-infringement in favor of Green Mountain.

**AFFIRMED**